UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LA TONYA PATTERSON, on behalf of IMMP AND VCMP, minors, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   No. 4:13-CV-1074-TIA |
| HILLAHEATHCARE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On June 6, 2013, plaintiff La Tonya Patterson and her mother, Vivian Patterson, filed this 42 U.S.C. § 1983 action, pro se, on behalf of La Tonya Patterson's two minor children, IMMP and VCMP [Doc. #1]. Plaintiffs request in forma pauperis status, which the Court will grant; however, for the reasons set forth below, the Court will dismiss this action without further proceedings.

A litigant may bring his or her own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(person not licensed to practice law may not represent another individual in federal court). A non-attorney parent or legal guardian must be represented by counsel when bringing an action on behalf of

another person.  C*f. Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)(non-attorney parent must be represented by counsel when bringing action on behalf of child).  Because La Tonya and Vivian Patterson are not attorneys, the Court will dismiss this action, without prejudice.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions for leave to proceed in forma pauperis [Docs. #2 and #3] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued, because this action will be dismissed, without prejudice.  *See* 28 U.S.C. §§  1654 and 1915(e).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.

---

[1] The Court also notes that this action arises out of a foster care dispute and plaintiffs' efforts to regain custody of La Tonya Patterson's two minor children; however, the domestic relations exception precludes the exercise of federal jurisdiction in such cases.  *Cf. Kahn v. Kahn*, 21 F.3d 859 (8th Cir. 1994).  Pursuant to this exception, federal courts are divested of jurisdiction over any action in which the subject is divorce, the allowance of alimony, or child custody.  *See id.* at 861.  In addition, when a cause of action closely relates to, but does not precisely fit into the contours of an action for divorce, alimony, or child custody, federal courts generally will abstain from exercising jurisdiction.  *Id.*

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of August, 2013.

                                              /s/Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE